Jason Sifers, Bar # 14273
MGM RESORTS INTERNATIONAL
6385 S. Rainbow Blvd., Suite 500
Las Vegas, NV 89118
Telephone: (702) 692- 1289
Telephone: (702) 692- 1937
Fax No.:    (702) 669-4501
Email:   jsifers@mgmresorts.com

*Attorneys for Defendant,*
*Vdara Condo Hotel, LLC*

# THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY ZEPEDA, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>VDARA CONDO HOTEL, LLC, a Delaware Domestic Limited-Liability Company d/b/a VDARA; and DOES 1-25 inclusive; and ROE CORPORATIONS 1-25 inclusive;<br><br>Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant VDARA CONDO HOTEL, LLC ("Vdara" and/or "Defendant") hereby removes to this Court, pursuant to 28 U.S.C. § 1441, the state court action described below.

1.       On or about February 22, 2021, an action was commenced against Defendant in the Eighth Judicial District Court in the County of Clark, State of Nevada, Case No.: A-21-829866-C, Department 22.

2.       On or about March 10, 2021, Plaintiff, KIMBERLY ZEPEDA filed with the Court a First Amended Complaint.

3.     Defendant was served with a copy of the Amended Summons and First Amended Complaint on March 16, 2021. **Exhibit A.**

4.     Exhibits A constitute all process, pleadings, and orders served upon Defendant in this action to date.

5.     The Complaint lists two causes of action: (1) "Sexual Harassment/Gender Discrimination," and (2) "Retaliation."

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000(e) *et seq*. As such, this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 (federal question jurisdiction), and this case is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a), in that it is a civil action addressing a question of federal law. Accordingly, Defendant may remove this action without regard to the amount in controversy or the citizenship of the parties.

6.     Plaintiff also asserts state law claims over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's federal claims that they form part of the same case or controversy.

7.     Defendant consents to this removal and there are no other named defendants to join herein or who are required to consent to this removal.

8.     This Notice of Removal is timely filed "within thirty days after the receipt by Defendants, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." 28 U.S.C. § 1446(b). The First Amended Complaint was served on March 16, 2021.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Nevada is the federal judicial district embracing the Eighth Judicial District Court of the State of Nevada where the state court action was originally filed.

10.     Additionally, removal is timely because this case was removed less than one year after the case was commenced in the state court, in accordance with 28 U.S.C. § 1446(c)(1).

2

1    WHEREFORE, Defendant gives Notice of Removal of this case from the Eighth Judicial

2   District Court, State of Nevada, Clark County, to this Court.

3

4    DATED this 30th day of March 2021

5                                                        Respectfully submitted,

6                                                        /s/ Jason Sifers
7                                                        Jason Sifers, Bar # 14273

8                                                        *Attorney for Defendant, Vdara Condo Hotel, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

# EXHIBIT A

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2021, I electronically filed a copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Kyle R. Tatum, Bar # 13264
KANG & ASSOCIATES, PLLC
6480 West Spring Mountain Road, Suite 1
Las Vegas, NV 89146
*Attorneys for Plaintiff*
*Kimberly Zepeda*

                                        */s/ Jason Sifers*
                                        Jason Sifers, Bar # 14273

                                        *Attorneys for Defendant, Vdara Condo Hotel, LLC*

4



# Notice of Service of Process

TRL / ALL
Transmittal Number: 22923448
Date Processed: 03/18/2021

| | |
|---|---|
| **Primary Contact:** | Service of Process<br>MGM Resorts International<br>6385 S Rainbow Blvd<br>Ste 500<br>Las Vegas, NV 89118-3201 |
| **Electronic copy provided to:** | Yvette Jauregui<br>Kathleen Tinnerello<br>Kelly Kichline<br>Tina Goddard |

| | |
|---|---|
| **Entity:** | Vdara Condo Hotel, LLC<br>Entity ID Number  3214395 |
| **Entity Served:** | Vdara Condo Hotel, LLC |
| **Title of Action:** | Kimberly Zepeda vs. Mgm Resorts International d/b/a Vdara Hotel & Spa |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-21-829866-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 03/16/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kyle R. Tatum<br>702-333-4223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**AMDS**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**TIFFANY S. YANG, ESQ.**
Nevada Bar No.: 15353
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| KIMBERLY ZEPEDA, an Individual; | Case No.: A-21-829866-C |
| Plaintiff, | Dept. No.: XXII |
| vs. | **AMENDED SUMMONS** |
| VDARA CONDO HOTEL, LLC, a Delaware Domestic Limited-Liability Company d/b/a VDARA; and DOES 1-25 inclusive; and ROE CORPORATIONS 1-25 inclusive; | |
| Defendants. | |

## AMENDED SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S)**: A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

KANG & ASSOCIATES, PLLC
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

*1 AMDS*

(a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

CLERK OF THE COURT

Submitted by:

By: _____   3/11/2021
        Deputy Clerk                        Date

/s/Kyle R. Tatum, Esq.

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

Demond Palmer

2 AMDS

Electronically Filed
3/10/2021 3:33 PM
Steven D. Grierson
CLERK OF THE COURT

1 | ACOM
**PATRICK W. KANG, ESQ.**
2 | Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
3 | Nevada Bar No.: 13264
**TIFFANY S. YANG, ESQ.**
4 | Nevada Bar No.: 15353
**KANG & ASSOCIATES, PLLC**
5 | 6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
6 | P: 702.333.4223
F: 702.507.1468
7 | *Attorneys for Plaintiff*

8

### DISTRICT COURT
### CLARK COUNTY, NEVADA

KIMBERLY ZEPEDA, an Individual;

Plaintiff,

vs.

VDARA CONDO HOTEL, LLC, a Delaware Domestic Limited-Liability Company d/b/a VDARA; and DOES 1-25 inclusive; and ROE CORPORATIONS 1-25 inclusive;

Defendants.

Case No.: A-21-829866-C
Dept. No.: XXII

**FIRST AMENDED COMPLAINT**

### FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff KIMBERLY ZEPEDA by and through her attorneys of record, Patrick W. Kang, Esq.; Kyle R. Tatum, Esq.; and Tiffany S. Yang, Esq., of the law firm of KANG & ASSOCIATES, PLLC, as and for her complaint against Defendants, and hereby complains, alleges and states as follows:

...

...

...

**KANG & ASSOCIATES, PLLC**
6480 W. SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

1 ACOM

**PARTIES**

1. KIMBERLY ZEPEDA (hereinafter "Ms. Zepeda" or "Plaintiff") was at all times relevant a resident of Clark County, Nevada.

2. VDARA CONDO HOTEL, LLC, d/b/a VDARA, (hereinafter "Defendant") was at all times relevant, a Delaware Domestic Limited-Liability Company conducting business in the State of Nevada in the County of Clark.

3. Defendants DOES 1-25 and ROE CORPORATIONS 1-25 are fictitious names referring to persons, corporations, partnerships, limited liability companies, joint ventures and/or other entities who may have or had a beneficial or other interest in Defendants at or subsequent to the events which form the basis of this lawsuit. Plaintiff will request leave of this Court to amend the complaint to substitute the actual names of these unknown parties at such time as the true names of DOES 1-25 and/or ROE CORPORATIONS 1-25 become known.

4. Defendants are agents, servants, employees, employers, trade ventures, partners and/or family members of each other. At the time of the incident described in this complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants are jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

**VENUE AND JURISDICTION**

5. This is a civil complaint brought in District Court under statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

6. Venue is proper in Clark County, Nevada pursuant to NRS 13.101 and 13.040.

7. The exercise of jurisdiction by this Court over Defendants in this civil action is proper pursuant to NRS 14.065.

8. The liability claims and allegations for which Plaintiff complains and for which Defendants are liable arise out of actions that took place in Clark County, Nevada.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE.1
LAS VEGAS, NV 89146

*2 ACOM*

9. Specifically, the circumstances surrounding the discrimination and adverse employment action, which led to and caused Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

10. Plaintiff exhausted all necessary administrative remedies through the filing of her Charge of Discrimination with both the Nevada Equal Rights Commission ("NERC"), Charge No.: 0218-20-0112L, and the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No.: 34B-2020-00269.

11. Plaintiff received a copy of her Notice of Right to Sue on December 1, 2020. (Charge of Discrimination and Notice of Right to Sue attached hereto as **Exhibit 1**.

12. Plaintiff fulfills all jurisdictional requirements for the filing of this suit, including filing within 90 days of her receipt of the December 1, 2020 Notice of Right to Sue.

## **GENERAL ALLEGATIONS**

13. On or around January 16, 2019, Plaintiff began her employment with Defendant as a seasonal Cocktail Waitress

14. From the commencement of her employment with Defendant, Ms. Zepeda performed her job satisfactorily.

15. On or around May of 2019, Ms. Zepeda was subjected to sexual harassment based on her gender.

16. Specifically, Flavio (Last Name Unknown), Plaintiff's co-worker, began asking Plaintiff about her sex life with her boyfriend.

17. Specifically, Flavio asked Plaintiff, "have you ever had a three way?"

18. Ms. Zepeda asked him to stop, and complained of the sexual harassment to her manager, Estaban Moreno and was told that he would look into the situation.

19. On an ongoing and persistent basis during Plaintiff's employment, Flavio would stare at Ms. Zepeda while touching his pants and sticking out his tongue.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

20. Flavio also took pictures of the Plaintiff without her consent.

21. Ms. Zepeda again complained of his actions, this time to the General Manager, Kahjori Campos. The General Manger told Plaintiff to write a statement and send it to HR.

22. The Plaintiff, on or about August 7, 2019, wrote a lengthy statement and sent it to her General Manager and the Human Resources department. The Human Resources department told her that the Department Manager would address her concerns.

23. Plaintiff was also told by a Human Resources representative that she would still have to work with Flavio.

24. One of the co-workers found out about the Plaintiff's statement and he loudly confronted Plaintiff in front of other workers and managers.

25. The Department Manager, Esteban Moreno, told the Plaintiff that nothing had happened, and she was going to have to work with Flavio.

26. The General Manager, Kahjori Campos told the Plaintiff that she would take care of the situation, but nothing was done to discipline Flavio.

27. Subsequently, Ms. Zepeda was retaliated against for complaining about Flavio

28. Specifically, on or about October 8, 2019, Plaintiff was called at the office and was told that she was going to be suspended.

29. On or about October 14, 2019, Ms. Zepeda was terminated for dishonesty and accused of stealing food.

30. Upon information and belief, it was Flavio who had accused her of stealing.

31. Ms. Zepeda lost income due to her wrongful termination.

32. All of these actions, including the discriminatory treatment and discharge of the Plaintiff were extreme, outrageous, or otherwise in reckless disregard of Plaintiff's rights, and caused Plaintiff to suffer severe emotional distress.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE.1
LAS VEGAS, NV 89146

4 ACOM

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE.1
LAS VEGAS, NV 89146

33. Subsequent to her discharge, Plaintiff filed a charge of discrimination with the NERC and was provided with the Notice of the Right to Sue.

34. As a direct and proximate result of Defendants' conduct, Plaintiff received the injuries mentioned herein.

**FIRST CLAIM FOR RELIEF**

*(Sexual Harassment/Gender Discrimination)*

35. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

36. Defendant knew or should know of its obligation, pursuant to state statutes, to maintain workplaces free of discrimination and harassment.

37. Defendant failed to take reasonably adequate steps to prevent discrimination due to Plaintiff's gender, and therefore Plaintiff was subjected to unwanted sexual harassment and discrimination in the workplace.

38. Defendant failed to take reasonably adequate measures and/or disciplinary action to address Plaintiff's complaint, which caused the Plaintiff to be subjected to ongoing and pervasive discriminatory conduct in the workplace.

39. Defendant rather than adequately address Plaintiff's complaints, instead retaliated against the Plaintiff by wrongfully terminating he employment.

40. Plaintiff endured and sustained actual damages including loss of income and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

41. Defendant's actions were intentional and done with willful disregard of the well-established and well-known legal rights of Plaintiff.

42. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in excess of $15,000.00.

*5 ACOM*

43. Defendant's actions were done willfully, oppressively, maliciously and in callous indifference to Plaintiff's rights.

44. As such, Defendant's conduct warrants an award of exemplary and punitive damages punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

45. Due to Defendants' conduct, Plaintiff was forced to retain the services of the law firm of Kang & Associates, PLLC, to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

### (Retaliation)

46. Plaintiff hereby repeats and re-alleges each and every paragraph, as though fully set forth herein.

47. Defendant was aware of Plaintiff's complaints when she engaged in protected activity by reporting Flavio's unlawful conduct.

48. Defendant failed to take any reasonably adequate steps to address Plaintiff's complaint and to ensure that the discrimination and harassment ceased.

49. Instead, after receiving Plaintiff's complaint, Defendant, acting through its managers, representatives, or employees, terminated Plaintiff from her employment.

50. Upon information and belief, Defendant's actions in terminating Plaintiff was done as a consequence of Plaintiff's complaint regarding Flavio's conduct.

51. Defendant's conduct was therefore retaliatory in response to her numerous complaints of sexual harassment.

52. Defendant knew or should have known that terminating an employee who has engaged in protected activity is unlawful.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

53. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.00.

54. Defendant's actions were done willfully, oppressively, maliciously, and in callous indifference to Plaintiff's rights.

55. As such, Defendant's conduct warrants an award of exemplary and punitive damages pursuant to NRS 42.005, in an amount appropriate to punish and make an example of Defendant, and to deter similar conduct in the future.

56. Due to Defendants' conduct, Plaintiff was forced to retain the services of the law firm of Kang & Associates, PLLC, to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

...
...
...
...
...
...
...
...
...
...
...
...
...
...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

7 ACOM

1   **WHEREFORE**, Plaintiff is entitled to judgment in her favor and against Defendants, as

2   follows:

3       1.   For judgment in an amount in excess of $15,000.00;

4       2.   For all costs and all attorneys' fees incurred and accrued in these proceedings;

5       3.   For interest thereon at the legal rate until paid in full;

6       4.   For punitive damages in an amount to be determined by this court; and

7       5.   For such other and further relief as the Court may deem just and proper.

8

9   Dated this __10__ of March, 2021.

10

11                       **KANG & ASSOCIATES, PLLC**

12

13                       _/s/ Kyle R. Tatum, Esq._

                    **PATRICK W. KANG, ESQ.**

14                       Nevada Bar No.: 10381

                    **KYLE R. TATUM, ESQ.**

15                       Nevada Bar No.: 13264

                    **TIFFANY S. YANG, ESQ.**

16                       Nevada Bar No.: 15353

                    **KANG & ASSOCIATES, PLLC**

17                       6480 West Spring Mountain Road, Suite 1

                    Las Vegas, Nevada 89146

18                       P: 702.333.4223

                    F: 702.507.1468

19                       _Attorneys for Plaintiff_

20

21

22

23

24

25

KANG & ASSOCIATES, PLLC
6480 W SPRING MOUNTAIN RD., STE 1
LAS VEGAS, NV 89146

_8 ACOM_

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 0218-20-0112L<br>34B-2020-00269 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Kimberly Zepeda** | ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **VDARA HOTEL & SPA** | **201 - 500** | **(866) 745-7767** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2600 W. Harmon Ave., Las Vegas, NV 89109** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **05-15-2019**   Latest **10-14-2019**

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Respondent discriminated against me based on sex (female) and/or in retaliation. I was subjected to sexual harassment and discharged. I filed my Intake Inquiry Form with the intent to file a Charge of Discrimination against the Respondent with the Nevada Equal Rights Commission on November 22, 2019.

I worked for the Respondent from January 16, 2019 through October 14, 2019, as a seasonal cocktail waitress.

In May 2019, a coworker Flavio (Last Name Unknown) began to ask the me questions about my sex life with my boyfriend. He would say things like, "have you ever had a three way?" I complained of the sexual harassment to my Manager, Estaban Moreno and he said he would look into the situation.

In or around September 2019, Flavio would stare at me while touching his pants and sticking out his tongue. He was also taking pictures of me. I complained to my General Manager, Kahjori Campos. She had me write

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Feb 18, 2020** _[signature]_ 2/18/20<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   FEB 1 8 2020   BY: ...NKKC.. |

RECEIVED FEB 1 8 2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | 0218-20-0112L  34B-2020-00269 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

a statement and give it to Human Recourses.

On October 8, 2019, I was called into the office and informed that I was being suspended pending investigation. They would not tell me why I was being suspended.

On or about October 14, 2019, I received a phone call from Kahjori and informing me that I was being discharged for being dishonest.

I believe the Respondent discharged me in retaliation for filing a complaint of sexual harassment.

I believe the Respondent's actions violated Title VII of the Civil Rights Act of 1964, As amended and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| Feb 18, 2020        2/18/20 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  FEB 18 2020 |
| Date        Charging Party Signature | BY: |

RECEIVED

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To:   Kimberly Zepeda | From:   Los Angeles District Office |
|---|---|
| | 255 E. Temple St. 4th Floor |
| | Los Angeles, CA 90012 |

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Karrie L. Maeda,** | |
| **34B-2020-00269** | **State, Local & Tribal Program Manager** | **(213) 785-3002** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Rosa M. Viramontes,**
**District Director**

December 1, 2020
*(Date Mailed)*

Enclosures(s)

cc:

> **VDARA HOTEL & SPA**
> **2600 W. Harmon Ave.**
> **Las Vegas, NV 89109**